IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:13-CV-02473-KJM-AC |
| Plaintiff, | |
| v. | FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 5400 HORIZON COURT, PLACERVILLE, CALIFORNIA, EL DORADO COUNTY, APN: 046-630-13-100, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.     This is a civil action *in rem* brought against certain real property located at 5400 Horizon Court, Placerville, California, El Dorado County, APN: 046-630-13-100, including all appurtenances and improvements thereto (hereafter "defendant  property"), and more fully described as:

THE LAND REFERRED TO IS SITUATED IN THE UNINCORPORATED AREA OF THE COUNTY OF EL DORADO, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

THE SOUTH ONE-HALF OF THE SOUTH ONE-HALF OF THE

SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF SECTION 17, TOWNSHIP 9 NORTH, RANGE II EAST, MDB&M, COUNTY OF EL DORADO, STATE OF CALIFORNIA.

APN: 046-630-13-100

1

2.      A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on November 26, 2013, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

3.      On December 2, 2013, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4.      Beginning on December 31, 2013, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on May 23, 2014.

5.      In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

a.      Judith A. Klaisle
b.      Michael Klaisle

6.      Claimant Judith Klaisle filed a claim to the defendant property on December 27, 2013, and an answer to the complaint on January 15, 2014.  No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

7.      The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Michael Klaisle on December 16, 2014.  Pursuant to Local Rule 540, the United States and claimant thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interest, if any, of Michael Klaisle without further notice.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

8.      The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action to the extent it is consistent with this order.

9.      Judgment is hereby entered against claimant Judith A. Klasile and all other potential claimants who have not filed claims in this action.

10.     All right, title and interest of Judith A. Klaisle in the defendant property shall be forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7).

/////

11.     Within sixty (60) days of the entry of the Final Judgment of Forfeiture, claimant Judith A. Klaisle shall send a good faith payment in a cashier's check for $50,000.00 made payable to the U.S. Marshals Service to the U.S. Attorney's Office, Attn:  Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

12.     The U.S. Marshals Service (or a designee) shall list and sell the defendant property for a minimum listing price of $500,000.00.  If the real estate broker recommends a higher or lower price for listing and/or sale, the United States and claimant will agree to that price.

13.     The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

14.     The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

15.     If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

16.     The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

(a)     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

(b)     Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

(c)     A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

(d)     The seller shall pay any county transfer taxes.

(e)     To the United States of America:  If the selling price of the defendant property is over $500,000.00, the United States will receive 65% of the net

3

proceeds from the sale of the defendant property.  If the selling price of the defendant property is less than $500,000.00, the United States will receive 57.5% of the net proceeds from the sale of the defendant property.  All right, title and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. §§ 881(a)(6) and (a)(7), to be disposed of according to law.

(f)      To claimant Judith A. Klaisle:  If the selling price of the defendant property is over $500,000.00, the claimant Judith A. Klaisle will receive 35% of the net proceeds from the sale of the defendant property.  If the selling price of the defendant property is less than $500,000.00, claimant Judith A Klaisle will receive 42.5.5% of the net proceeds from the sale of the defendant property, returned through attorney David Weiner.

17.      Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of the *lis pendens* on December 4, 2013, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

18.      The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

19.      All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

20.      Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

21.      That the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  Judith A. Klaisle waives the provisions of California Civil Code § 1542.

4

1      22.     All parties are to bear their own costs and attorneys' fees.

2      23.     The undersigned shall retain jurisdiction to enforce the terms of this Final Judgment of

3   Forfeiture.

4 REQUEST FOR CERTIFICATE OF REASONABLE CAUSE

5      24.     The parties request entry of a certificate of reasonable cause under 28 U.S.C. § 2465.

6   Section 2465 provides,

> (a) Upon the entry of a judgment for the claimant in any proceeding to condemn or forfeit property seized or arrested under any provision of Federal law—
>
> (1) such property shall be returned forthwith to the claimant or his agent; and
>
> (2) if it appears that there was reasonable cause for the seizure or arrest, the court shall cause a proper certificate thereof to be entered and, in such case, neither the person who made the seizure or arrest nor the prosecutor shall be liable to suit or judgment on account of such suit or prosecution, nor shall the claimant be entitled to costs, except as provided in subsection (b).

This section provides for entry of a certificate of reasonable cause "[u]pon the entry of a judgment for the claimant." *Id.* But the parties have requested (and the court enters) judgment *against* the claimant, Judith A. Klaisle, and all other claimants. *See supra* ¶ 9; Stipulation for Final Judgment of Forfeiture, Proposed Order ¶ 9, ECF No. 17. The parties have also stipulated that "no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465." Stipulation for Final Judgment of Forfeiture ¶ 13, ECF No. 17. The court therefore finds the provisions of § 2465(a)(2) inapplicable to this case. Should the parties disagree, any objections shall be filed no later than fourteen days after issuance of this order, which will otherwise become final without further order on that date.

     IT IS SO ORDERED.

DATED:  January 12, 2015.

_____
UNITED STATES DISTRICT JUDGE